J-S40002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER BROWN, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| WILLIAM BROWN, | | |
| Appellant | | No. 571 WDA 2018 |

Appeal from the Order Dated April 2, 2018
In the Court of Common Pleas of Allegheny County
Family Court at No(s): F.D. No. 17-004670-005

BEFORE: BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED OCTOBER 09, 2019**

William Brown (Husband) appeals from the April 2, 2018 trial court order that denied the exceptions he filed to the Hearing Officer's Report and Recommendations, dated December 5, 2017, relative to an order of child support to be paid by Husband to Jennifer Brown (Wife) for the support of the parties' two children. For the reasons set forth below, we affirm.

The trial court provided the following factual and procedural history of this matter, stating:

> The parties were married on March 1, 1998, and separated on February 1, 2015 after 16 years and 11 months of marriage. A divorce action was filed by Wife in the Court of Common Pleas of Mercer County at No. 2015-882. Husband filed a Petition Raising Economic Claims, including spousal support, [Alimony Pendente Lite (APL)] and alimony. Wife filed a complaint for child support. On August 26, 2015, the Mercer County Court entered an [o]rder

_____

[*] Retired Senior Judge assigned to the Superior Court.

providing for monthly child support in the amount of $903.49. On October 16, 2017, [t]he [c]ourt entered an [o]rder for Spousal Support/APL in favor of Husband. In the October 16 order, the [c]ourt found that as "the obligation for spousal support owed by Jennifer Brown to William Brown exceeds that of child support owed by William Brown to Jennifer Brown, the child support order ... was terminated effective August 26, 2015."

On or about November 23, 2016, the parties entered into a comprehensive Marriage and Property Settlement Agreement (hereinafter, the "MSA"), which encompassed all issues for property settlement, spousal support, APL, alimony and child support utilizing the support calculations as found by the [c]ourt. The MSA contains the following relevant provisions:

> 7. <u>Spousal Support. Alimony Pendente Lite, Alimony and Counsel Fees</u>—It is respectfully agreed that neither Husband nor Wife will petition the [c]ourt for an Order against the other for Counsel Fees, Alimony, Alimony Pendente Lite and/or Spousal Support, it being expressly understood and agreed that the financial and property arrangements made hereunder are in lieu of any such claims, now or at any time in the future, and as such are NON-MODIFIABLE in all respects, with all other claims to counsel fees, alimony, spousal support, and alimony pendente lite being hereby WAIVED by the parties. Husband shall dismiss the Spousal Support/APL action brought against Wife within seven (7) days of the execution of this Agreement and forgive any back spousal support/APL to which he may have been entitled.

> 8. <u>Child Support</u>—Wife agrees not to file for child support for a period of five (5) years from the date of this Agreement given Husband's waiver to alimony provided for in Paragraph 7 above and the disparity in the earnings capacity of the parties. The parties agree that after said five (5) year period from the date of execution of this Agreement, they shall handle the payment of child support between themselves privately outside of the Family Division.

Wife subsequently filed for child support in Allegheny County, and at the duly scheduled hearing on her petition, the Hearing Officer declined to give her imprimatur to the parties' child support

agreement, finding it to be violative of Pennsylvania public policy on ensuring the enforceability of child support obligations owed to its citizens. [Husband] filed timely Exceptions to that determination, arguing that the Hearing Officer had committed reversible error by failing to enforce the parties' MSA and by failing to award counsel fees.

Trial Court Opinion (TCO), 3/28/19, at 1-2.

Upon review, the trial court adopted the Hearing Officer's Report and Recommendation, entering it as a final order of court. In its opinion, the trial court explained its reasoning, as follows:

> This [c]ourt was not persuaded by any of the evidence or testimony in the record or at the Exceptions Argument that the Hearing Officer committed any material error or omission or any abuse of discretion. Counsel for [Husband] correctly notes that there exist some exceptions to the general rule, from Kesler v. Wininger, 744 A.2d 794, 796 (Pa. Super. 2000), that "a parent cannot bind a child or bargain away that child's right to support," but [c]ounsel fails to demonstrate that the case at hand falls within the scope of any of those exceptions. Neither Roberts v. Furst, 385 Pa. Super. 530, 561 A.2d 802 (1989), nor Kraisinger v. Kraisinger, 928 A.2d 333, 340 [(]Pa. Super. 2007), both of which are cited for the proposition that "parties can make an agreement as to child support if it is fair and reasonable, made without fraud or coercion, and does not prejudice the welfare of the children," can avail [Husband] the instant case. Absent sufficient evidence in the record to support a finding that the MSA child support provision was fair and reasonable, that it was made without fraud or coercion, and that it does not prejudice the welfare of the children, the Hearing Officer correctly determined that the purported limitation on child support violated Pennsylvania public policy, and this [c]ourt declined [Husband's] invitation to disturb that determination. [Husband] similarly failed to persuade the [c]ourt that an award of counsel fees was appropriate in this circumstance.
>
> This [c]ourt concluded, and remains convinced on appeal, that the Report and Recommendations reflected the Hearing Officer's reasonable efforts to resolve the parties' claims in light of the Commonwealth's interest in enforcing child support

obligations for its citizens. The [c]ourt agrees with the Hearing Officer's conclusion that the child support provision of the parties' MSA was inconsistent with the public policy of the Commonwealth, and that neither party was entitled to counsel fees.

TCO at 3-4.

Now, on appeal, Husband raises two issues for our review:

1. Whether the trial [court] erred as a matter of law and abused its discretion in entering a support order against [Husband] in contravention of the parties['] agreed marital settlement agreement dated November 23, 2016?

2. Whether the trial court erred as a matter of law and abused its discretion in failing to award counsel fees in contravention of § 12 of the parties['] agreed marriage and property settlement agreement dated November 23, 2016?

Husband's brief at 2.[1]

This Court's review of a marital settlement agreement is governed by

the following:

The following legal principles are applicable in the review of a marriage settlement agreement. "A marital support agreement incorporated but not merged into the divorce decree survives the decree and is enforceable at law or equity. A settlement agreement between spouses is governed by the law of contracts

---

[1] Initially, in her brief, Wife suggests that Husband has waived all issues on appeal in that (1) he failed to file a statement of errors complained of on appeal and that (2) he failed to properly designate the reproduced record. Wife's contentions are without merit. The trial court here did not issue an order requiring the submission of a statement. *See Commonwealth v. Antidormi*, 84 A.3d 736, 745 n.7 (Pa. Super. 2014) (stating "[t]he requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement"). Despite some deficiencies in the reproduced record, this Court is able to review the issues Husband has raised on appeal. *See also Wells Fargo Bank N.A. v. Spivak*, 104 A.3d 7, 10 n.6 (Pa. Super. 2014) (indicating that this Court "will decline to quash an appeal where effective appellate review is not precluded by the deficiencies of [a] reproduced record").

unless the agreement provides otherwise." ***Stamerro v. Stamerro***, 889 A.2d 1251, 1258 (Pa. Super. 2005) (citations and quotations omitted).

In conducting our review of the court's holding as to the marriage settlement agreement, we remain cognizant of the following:

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

***Id.*** at 1257-1258 (citations and quotations omitted).

> When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.

***Id.*** at 1257 (citations and quotations omitted).

***Kraisinger***, 928 A.2d at 339.

Husband's first argument centers on Paragraphs 7 and 8 of the MSA, which provides that Husband agrees to give up his right to an alimony payment from Wife to offset Husband's child support payment to Wife for a five-year period from the date the parties sign the MSA. Specifically, Husband asserts that Pa.R.C.P. 1910.16-4(e) provides for this type of arrangement. Subsection 4(e) provides:

**(e) Support Obligations When Custodial Parent Owes Spousal Support.** If children are residing with the spouse (custodial parent) obligated to pay spousal support or alimony *pendente lite* and the other spouse (non-custodial parent) has a legal obligation to support the children, the guideline spousal support or alimony *pendente lite* amount is determined by offsetting the non-custodial parent's child support amount and the custodial parent's spousal support or alimony *pendente lite* amount, and awarding the net difference either to the non-custodial parent as spousal support/alimony *pendente lite* or to the custodial parent as child support as the circumstances warrant.[2]

Husband further asserts that the court was aware of the factual basis underlying the parties' MSA, namely, the disparity in the parties' incomes, the length of the marriage and that Wife owed Husband more in spousal support than Husband owed Wife in child support. Husband also contends that the MSA was entered into without fraud or coercion, noting that Wife was represented by counsel throughout the process and that the MSA would result in Wife's saving of $16,675.20 over the five-year period that she would not be obligated to pay spousal support. Husband concludes his argument relating to his first issue by stating:

There was never an attempt to "repurpose" the payments for equitable distribution nor bargain away support. Specific language was also included as to what happens after 5-years: [Husband] to pay child support to [Wife]. The parties were aware that child support is "modifiable" and made specific provisions for the seamless reinstatement of child support after five years lapsed. [Husband] was not dodging support but giving up his alimony every month, which [Wife] was [c]ourt ordered to pay. The [a]greement clearly did not prejudice the children and was

---

2 Subsection (e) further provides the manner in which the child support and the spousal support are calculated and how they are offset.

fair and reasonable. To ascertain anything else is very prejudicial to [Husband], since he gave up his right to [a]limony for 60-months, claims which he can no longer seek as the Decree in Divorce was entered by the [c]ourt on December 21, 2016.

Husband's brief at 14.

In **Reber v. Reiss**, 42 A.3d 1131 (Pa. Super. 2012), this Court recognized that

> "[i]n Pennsylvania, a parent cannot bind a child or bargain away that child's right to support." **Kesler v. Weniger**, 744 A.2d 794, 796 (Pa. Super. 2000). Nonetheless, we have also held that "under **Robert [v. Furst**, 385 Pa. Super. 530, 561 A.2d 802 (1989)], parties can make an agreement as to child support if it is fair and reasonable, made without fraud or coercion, and does not prejudice the welfare of the children." **Kraisinger v. Kraisinger**, 928 A.2d 333, 340 (Pa. Super. 2007).

**Id.** at 1141.

The trial court recognized that the above statement of the law controlled, but concluded that there was insufficient evidence in the record to support a finding that the child support provisions in the MSA were "fair and reasonable, made without fraud or coercion, and [did] not prejudice the welfare of the children[.]" TCO at 3. Essentially, and without any citation to authority, the trial court relied on the Hearing Officer's determination that the support provisions in the MSA violated Pennsylvania public policy. We disagree as to this conclusion in that Subsection (e) provides for the exact setoff that the parties included in their MSA. However, we are compelled to examine the specific facts included in the Hearing Officer's Report and Recommendation that form the basis for concluding that the provision in the

MSA "is not reasonable and is prejudicial to the children." Hearing Officer's Report and Recommendation (R&R) at 2.

In granting Wife's request for child support, the Hearing Officer initially recognized that Section 3105(b) of the Divorce Code provides that "[a] provision of an agreement regarding child support, visitation or custody shall be subject to modification by the court upon a showing of changed circumstances." 23 Pa.S.C. § 3105(b). Thus, the Hearing Officer stated:

> The change[d] circumstances are[:] 1. both parties['] income[s] have increase[d;] 2. [c]ustody was modified after the MSA and this was relied upon in signing the MSA ([Wife's Ex. 4);] 3. [c]hild support guidelines have changed[;] 4. [t]he term regarding child support is not reasonable and is prejudicial to the children.
>
> Case law supports an agreement that is entered without fraud or coercion but it is to be fair and re[a]sonable and does not prejudice the welfare of the children. Kraisinger v. Kraisinger[,] 928 A.2d 333 (Pa. Super. 2007)[.] This court agrees there is no fraud, coercion or undue influence. However, this term is not fair and reasonable or a benefit to the children. The original support order from Mercer [C]ounty dated 8/26/15 has [Wife's] income [at] $5,982 and [Husband's at] $3,307.44. The child support was $820.49 and [$]118.50 on arrears and fees. Then on October 16, 2015[,] this obligation ended based on [Husband's] APL claim and [Wife] was the payor of $277.92 to [Husband] based on the offset of[]child support. The parties entered their MSA and the APL order was terminated. Based on their current net incomes [Wife] $7,712.51 ([g]ross $113,189 + bonus of $16,945.77) and [Husband] [] $3,883 (base [$]41,350 and annualized overtime $19,928=$61,278 )[, t]he basic child supp[]ort is $734.44 + $8.06 for health insuranc[e] for a total of $742.50. Currently Father pays for only 50% of school supplies and school clothes per the MSA. This is a significant difference between guideline child support and paying for clothes and supplies.
>
> The [c]hildren were 11 and 10 in November of 2016 and will be 16 and 15 in five years. [Husband's] contribution to 50% of

clothes and school supplies is extremely below what they need for basic shelter costs.

The current expenses [for which Husband] is responsible is far from fair and reasonable and it is prejudicial to the welfare of the children. [Husband] states he is prejudiced as he waived his claim to alimony and is out of court since the decree is entered. This is purely speculation as to whether [Husband] would have been entitled to alimony. The factors for determining alimony are under 23 [Pa.C.S. §] 3701. [Husband] uses his APL amount as potentially alimony, however that is improper. A review of the MSA and the assets and debts indicate that Father received 64% of the assets after the debt for a car was paid. The children's welfare is most important. As in Kost v. Kost[,] 757[ A.2d] 952 [(Pa. Super. 2000)], where the amount of child support agreed upon by mother and father differed from guideline ranges significantly, in that guideline ranges recommended a support for child which was 75% more than father was currently paying under [the] agreement, Superior Court would presume that agreement did not provide fair and just support. [Husband's] Exhibit 9 indicates he spen[t] over $700 in October for clothes and supplies[.] [T]his court finds Father is not spending $700 a month on these items and he can seek 50% reimbursement per the agreement if the court found it was valid. [Husband] may want to bring up the extracurricular [amounts] that he is providing. [These are] additional expenses and [are] not the basic child support. Additionally, [Wife] will not have to pay for her proportionate share.

For all the reasons above and in further argument for public policy, the children are entitled to a fair portion of [Husband's] income. The term set forth in the MSA does not provide for it[;] thus a child support award is warranted.

R&R at 2-3.

Thus, it is apparent that the Hearing Officer determined that the terms of the MSA were not fair and reasonable and were prejudicial to the welfare of the children. Moreover, the trial court concurred with the Hearing Officer's decision and based its decision to order Husband to pay on the facts and

reasoning contained therein. Although we note that parties are entitled to enter into agreements such as the one that is in controversy here, they are required to follow the dictates of the ***Reber*** decision, quoted above, and refrain from agreeing to terms that are not fair and reasonable or are prejudicial to the welfare of the children. ***See Reber***, 42 A.3d at 1141. Accordingly, we are compelled to decline relief to Husband in relation to his first argument on appeal.

In his second issue, Husband asserts error by the trial court in failing to award counsel fees as set forth in Paragraph 12 of the MSA. That paragraph provides:

> 8. <u>Default.</u> If either party defaults on any of the terms, provisions or obligations herein set forth, and it becomes necessary to institute legal proceedings to effectuate the performance of any disagreement. Then, the party found to be in default shall pay reasonable expenses, including reasonable attorney's fees, incurred in connection with such enforcement proceedings.

MSA at ¶ 12. Essentially, Husband argues that the terms of the MSA are clear and that Wife's filing for child support equated with a default of Paragraphs 7 and 8 of the MSA. Due to the fact that Husband failed to carry his burden to prove a default by Wife, he is not entitled to an award of attorney's fees. Moreover, Wife should not be penalized for pursuing the children's rights. ***See Kraisinger***, 928 A.2d at 345.[3]

---

[3] We note that in response to this issue, Wife first contends that Husband's attorney fees argument was waived in that he did not include it in his

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2019

---

exceptions to the Hearing Officer's Report and Recommendation or in his brief supporting those exceptions. Our review of those documents belies Wife's assertion.